IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| CARSHENA GARY, *et al.*, | ) )  ) |
| Plaintiffs, | ) Case No. 1:20-cv-00860-CMH-TCB |
| v. | ) |
| VIRGINIA DEPARTMENT OF ELECTIONS, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs Carshena Gary, Lori Scharff, Regina Root, Naim Muawia Abu-El Hawa, John Halverson, the National Federation of the Blind of Virginia, and the American Council of the Blind of Virginia hereby respectfully move for a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure.  The preliminary relief Plaintiffs seek would require the Defendant Virginia election officials and agencies to make accessible absentee ballots available to Virginia voters with print disabilities for the upcoming November 3, 2020 general election so that they can vote privately and independently like other Virginia voters, as required under the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*, and the Virginians with Disabilities Act, Va. Code § 51.5-1 *et seq*.  Providing accessible absentee ballots is particularly urgent on account of the COVID-19 pandemic and the resulting state of emergency that exists in Virginia and across the country.  Otherwise, Virginia voters with print disabilities like the named Plaintiff will be excluded from absentee voting.  Voters with print disabilities will either have to  reveal their choices to another person and hope that person correctly records their votes or forgo absentee voting altogether.

This year, that choice is laden with the risk of COVID-19 infection for those traveling to the polls to vote in person.  As Gov. Ralph Northam has urged, "Virginians should never have to choose between casting a ballot and risking their health."[1]

For the reasons stated in the accompanying memorandum in support of the motion, together with the attached declarations and exhibits, which are incorporated herein by reference, Plaintiffs are likely to succeed on the merits of their claim that Defendants' refusal to provide accessible absentee ballots for Virginia voters with print disabilities is a violation of federal and state law.  Without preliminary relief, Plaintiffs will face restrictions on fundamental voting rights in violation of federal and state law, which is quintessential irreparable harm.  The balance of the equities and the public interest also favor granting a preliminary injunction, inasmuch as doing so would support both the right of all eligible Virginians to vote privately and independently on equal terms and also would support public health.

Plaintiffs therefore seek a preliminary injunction:

- ordering that Defendants shall implement throughout the Commonwealth of Virginia by September 18, 2020, an absentee ballot program accessible to Virginia voters with print disabilities, including a remote accessible vote-by-mail tool, such as that provided by VotingWorks and other vendors, that provides for electronic delivery and marking of absentee ballots;

- ordering that Defendants shall issue guidance instructing all relevant city and county election officials to participate in making the accessible absentee ballot

---

[1] *Governor Northam Postpones Upcoming May Elections in Response to COVID-19/ Virginians encouraged to vote absentee by mail,*
https://www.governor.virginia.gov/newsroom/all-releases/2020/april/headline-856329-en.html
(Apr. 24, 2020 release) (last visited Aug. 9, 2020).

program available to Virginia voters with print disabilities and issue updated instructions to inform voters with print disabilities that they may cast absentee ballots cast in the general election may be marked using an accessible ballot marking tool; and

- ordering that the Commissioner of Elections shall take additional reasonable steps to inform the public as to the availability of the accessible absentee ballot program.

WHEREFORE, Plaintiffs' Motion for Preliminary Injunction should be granted.

Respectfully submitted,

Dated: August 10, 2020

BY: /s/ Steven M. Traubert
Steven M. Traubert, VSB#41128
Zachary S. Devore, VSB#65401
disAbility Law Center of Virginia
1512 Willow Lawn Drive, Suite 100
Richmond, VA 23230
Phone: (804) 225-2042
Fax: (804) 662-7431
Steven.Trauber@dlcv.org
Zachary.devore@dlcv.org

Eve L. Hill (*pro hac vice* to be filed)
Abigail Graber (*pro hac vice* to be filed)
Brown Goldstein & Levy
120 E. Baltimore St., Ste. 1700
Baltimore, MD 21202
(410) 962-1030 (phone)
(410) 385-0869 (fax)
ehill@browngold.com
agraber@browngold.com

Steven P. Hollman (*pro hac vice* to be filed)
SHEPPARD MULLIN RICHTER
& HAMPTON, LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006-6801
Phone: (202) 747-1941
Fax: (202) 747-3912

shollman@sheppardmullin.com

Kaitlin Banner (*pro hac vice* to be filed)
Margaret Hart (*pro hac vice* to be filed)
WASHINGTON LAWYERS' COMMITTEE FOR
CIVIL RIGHTS AND URBAN AFFAIRS
700 14th Street, NW, Suite 400
Washington, DC 20005
Phone: (202) 319-1000
Fax: (202) 319-1010
kaitlin_banner@washlaw.org
margaret_hart@washlaw.org

*Counsel for Plaintiffs*