UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

**CARSHENA GARY**, *et al.*,

  **Plaintiffs**,

v.

**VIRGINIA DEPARTMENT OF ELECTIONS**, *et al.*,

  **Defendants**,

Case No. 1:20-CV-860

## JOINT MOTION FOR ENTRY OF PARTIAL CONSENT JUDGMENT AND DECREE

Plaintiffs and Defendants ("Parties") seek approval of the attached partial consent judgment and decree that would vindicate the public interest of ensuring access to the ballot for blind, visually impaired and print disabled voters for the November 3, 2020 election. The core terms of the agreement are:

a. Not later than September 18, 2020, Defendants will make available to all localities a tool that will allow print disabled voters to electronically and accessibly receive and mark absentee ballots using screen reader assistive technology (the Ballot Marking Tool). If, despite their best efforts, Defendants are unable to implement the Ballot Marking Tool described herein by September 18, 2020, Defendants shall implement it as soon thereafter as practicable but in no event later than September 30, 2020.

b. Defendants shall issue updated guidance to inform general registrars that if a voter in applying for an absentee ballot, on or after the date of entry of this consent decree, marks that the voter will require assistance in completing their absentee ballot, the general registrar shall contact the voter via mail, phone, or email to inquire as to

whether the voter has a print disability. If the voter affirms that they have a print disability, the general registrar shall make available the Ballot Marking Tool and instructions to the voter if the voter so elects. The registrar shall also send the voter a ballot return envelope (Envelope B), enclosed in a larger envelope (Envelope A). Defendants shall provide instructions to all localities that the localities must make the Ballot Marking Tool available to all print disabled voters and must not reject ballots from voters with print disabilities based on the position of the voter's signature or address on the ballot return envelope or based on the fact that the ballot is printed on regular paper. The registrar shall place a tactile marking on Envelope A (e.g., hole punch, a corner cut, or a tactile sticker) in order to identify the envelope as Envelope A to the voter.

c. Defendants shall provide instructions with each paper absentee ballot sent to voters that, if the voter is print disabled, the voter may contact the general registrar to void that paper absentee ballot and vote instead using the Ballot Marking Tool.

d. Defendants shall take reasonable steps to provide information to the public regarding the Ballot Marking Tool, including issuing a press release and posting information on the Department of Elections website and social media pages before September 18 and periodically during the early voting period.

e. Defendants shall take reasonable steps to provide information to the public regarding the fact that, if a voter has a print disability and has already received a paper absentee ballot that has not been cast, the voter may contact their general registrar to cancel that paper absentee ballot and request the use of the Ballot Marking Tool.

    f.   Any voter who utilizes the Ballot Marking Tool shall still be required to mail or physically return their absentee ballot to the relevant general registrar.

    g.   Within 30 days after November 3, 2020, Defendants will inform Plaintiffs of the number of individuals who elected to vote with assistance and summaries of any complaints or feedback received by Defendants about the Ballot Marking Tool.

In the event that the Court approves the parties' agreement, Plaintiffs shall withdraw their motion for a preliminary injunction and the parties request that this matter shall be stayed, including, without limitation, all filing deadlines herein, until December 3, 2020, unless disputes as to compliance regarding the Consent Decree arise, or until the parties inform the Court that the litigation has been resolved, whichever occurs first.

The agreement represents a fair, reasonable, and adequate resolution of this dispute and is squarely in the public interest. The Parties therefore request that the Court enter this agreement, which will ensure a private and independent method of absentee voting that is accessible for Plaintiffs and others with print disabilities for the November 3, 2020 election.

Respectfully submitted,

| | |
|---|---|
| BY: /s/ Steven M. Traubert<br>Steven M. Traubert, VSB#41128<br>Zachary S. Devore, VSB#65401<br>disAbility Law Center of Virginia<br>1512 Willow Lawn Drive, Suite 100<br>Richmond, VA 23230<br>Phone: (804) 225-2042<br>Fax: (804) 662-7431<br>Steven.Traubert@dlcv.org<br>Zachary.devore@dlcv.org<br><br>Eve L. Hill (*pro hac vice*)<br>Abigail Graber (*pro hac vice*)<br>Brown Goldstein & Levy | MARK R. HERRING<br>Attorney General of Virginia<br>By: */s/ Carol L. Lewis*<br>CAROL L. LEWIS (VSB #92362)<br>BLAIRE HAWKINS O'BRIEN (VSB #83961)<br>HEATHER HAYS LOCKERMAN (VSB #65535)<br>RONALD N. REGNERY (VSB #37453)<br>Office of the Attorney General<br>202 North Ninth Street<br>Richmond, Virginia 23219<br>804-692-0558 (telephone)<br>804-692-1647 (facsimile)<br>clewis@oag.state.va.us |

120 E. Baltimore St., Ste. 1700
Baltimore, MD 21202
(410) 962-1030 (phone)
(410) 385-0869 (fax)
ehill@browngold.com
agraber@browngold.com

Steven P. Hollman (*pro hac vice*)
Jonathan Wang (*pro hac vice*)
SHEPPARD MULLIN RICHTER
    & HAMPTON, LLP
2099 Pennsylvania Avenue, NW Washington, DC 20006-6801
Phone: (202) 747-1941
Fax: (202) 747-3912
shollman@sheppardmullin.com

Kaitlin Banner (*pro hac vice*)
Margaret Hart (*pro hac vice*)
WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS AND URBAN
AFFAIRS
700 14th Street, NW, Suite 400
Washington, DC 20005
Phone: (202) 319-1000
Fax: (202) 319-1010
kaitlin_banner@washlaw.org
margaret_hart@washlaw.org

*Attorneys for Virginia Department Of Elections, Christopher Piper, the Virginia Board Of Elections, Robert H. Brink, John O' Bannon, and Jamilah D. Lecruise*