UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CARSHENA GARY, *et al.*,

    Plaintiffs,

v.

VIRGINIA DEPARTMENT OF ELECTIONS, *et al.*,

    Defendants,

Case No. 1:20-CV-860

## PARTIAL CONSENT JUDGMENT AND DECREE

1. Whereas Virginia Code §§ 24.2-706 and 24.2-707 require that voters completing an absentee ballot must open, mark, and refold their ballot in the presence of a witness, and then have the witness sign their ballot envelope.

2. Whereas the witness requirement has been modified for the November 3, 2020 election as the result of a consent decree entered by U.S. District Court Judge Norman K. Moon in *League of Women Voters of Va. v. Va. State Bd. of Elections*, 2020 U.S. Dist. LEXIS 152120 (W.D. Va. August 21, 2020).; *see* attached Exhibit A.  The consent decree permits a voter who believes she may not safely have a witness present while completing her ballot to disregard the witness requirement for the November 3, 2020 election.  *See id*.

3. Whereas Virginia Code § 24.2-706(D) only permits absentee ballots to be electronically transmitted to "covered voters," as defined in Virginia Code § 24.2-452(1).

4. Whereas any physically disabled voter may request and then shall be handed a printed ballot by an officer of election outside the polling place but within 150 feet of the entrance to the polling place. Va. Code § 24.2-649(A).

5. Whereas any voter who requires assistance to vote by reason of physical disability or inability to read or write may, if she so requests, be assisted in voting. If the voter is blind, she may designate an officer of election or any other person to assist. Va. Code § 24.2-649(B).

6. Whereas the prohibition on electronically transmitting ballots to print disabled voters necessitates that any print disabled voter who wishes to vote an absentee ballot will need to either invite another person into their home to assist the voter in completing a paper ballot or travel outside their home to vote in person utilizing ballot marking tools at absentee voting locations or polling places. If the voter wishes to vote a paper absentee ballot, the individual must have another person assist the voter in opening their ballot envelope, filling out their ballot, closing and signing the envelope, and finally exchanging the envelope with the witness to obtain the witness's signature.

7. Whereas an effective, widely available vaccine for COVID-19 will almost certainly not be available by November 3, 2020, and the significant weight of scientific evidence confirms that COVID-19 will likely continue to transmit widely in the community absent a vaccine or herd immunity, and that herd immunity will not occur anytime in the near future.

8. Whereas on July 27, 2020, Plaintiffs Carshena Gary, Lori Scharff, Regina Root, Naim Muawia Abu-El Hawa, John Halverson, the National Federation of the Blind of Virginia, and the American Council of the Blind of Virginia filed a complaint against the Virginia Department Of Elections, Christopher Piper, Commissioner of the Virginia Department of Election, in his official capacity, the Virginia Board Of Elections, Robert H. Brink, Chair of the

Virginia Board of Elections, in his official capacity, John O' Bannon, Vice Chair the Virginia Board of Election, in his official capacity, and Jamilah D. Lecruise, Secretary of the Virginia Board of Elections, in her official capacity (collectively Defendants), challenging Virginia's system of absentee voting for individuals with print disabilities, particularly in light of the COVID-19 pandemic. ECF No. 1 at 1.

9. Among other relief requested, the Complaint seeks a court order requiring Defendants to offer a private and independent method of absentee voting that is accessible for Plaintiffs and others with print disabilities in time for use by voters in the November 3, 2020 election and in all future elections. ECF No. 1 at ¶ 169.

10. Whereas on August 10, 2020, the same Plaintiffs filed a motion for preliminary injunction requesting this Court require Defendants to, by September 18, 2020, implement an absentee ballot program accessible to all print disabled voters, including a remote accessible vote-by mail tool that provides for electronic delivery and marking of absentee ballots, to issue guidance to localities requiring those localities to make that technology available to print disabled voters, and to inform the public of the availability of the accessible absentee ballot program. ECF No. 20 at p. 2-3.

11. Whereas, pursuant to Va. Code § 24.2-612, absentee voting must be available 45 days prior to the November 3, 2020 General Election ("the November Election"), or Saturday, September 19, 2020. For localities whose general registrar's offices are closed on that Saturday, absentee ballots must be available on Friday, September 18, 2020.

12. Whereas, in light of the data that supports the Plaintiffs' concerns for their safety if they are required to interact with others in order to cast their ballot in the November Election combined with the importance of ensuring every qualified voter may vote privately and

independently, Plaintiffs and Defendants (collectively, the Consent Parties) agree that an expeditious resolution of this matter for the November general election, in the manner encompassed by the terms of this Consent Decree, is in the best interests of the health, safety, and constitutional rights of the citizens of the Commonwealth of Virginia, and therefore in the public interest.

13. Whereas the Consent Parties agree that, for the November 3, 2020 election:

    a. Not later than September 18, 2020, Defendants will make available to all localities a tool that will allow print disabled voters to electronically receive and mark absentee ballots using screen reader assistive technology such as MyBallot (the "Ballot Marking Tool"). If, despite their best efforts, Defendants are unable to implement the Ballot Marking Tool by September 18, 2020, Defendants shall implement it as soon thereafter as practicable but in no event later than September 30, 2020.

    b. Defendants shall issue updated guidance to inform general registrars that if on the Virginia Vote by Mail Application Form a voter marks the box at 7d ("I need assistance completing my ballot due to a disability, blindness, or inability to read or write."), the general registrar shall:

        i. Contact the voter via mail, phone, or email to inquire as to whether the voter has a print disability.

        ii. If the voter affirms that they have a print disability, the general registrar shall electronically make available the Ballot Marking Tool and accessible electronic instructions for completion and return of the ballot, to the voter if the voter so elects.

      iii. The registrar shall also send the voter a ballot return envelope (Envelope B), enclosed in a larger envelope (Envelope A). The registrar shall place a tactile marking on Envelope A (e.g., hole punch, a corner cut, or a tactile sticker) in order to identify the envelope as Envelope A to the voter.

      iv. The registrar shall not reject ballots from print disabled voters on the basis of the position of the voter's signature or address on Envelope B if the voter's signature or address is anywhere on the envelope.

      v. The registrar shall not reject ballots from print disabled voters because they are completed using the Ballot Marking Tool and printed on regular paper.

c. Defendants shall provide instructions to all localities that the localities must make the Ballot Marking Tool available to all print disabled voters.

d. Defendants shall provide instructions with each paper absentee ballot sent to voters that, if the voter is print disabled, the voter may contact the general registrar to void that paper absentee ballot and vote instead using the Ballot Marking Tool.

e. Defendants shall take reasonable steps to provide information to the public regarding the Ballot Marking Tool, including issuing a press release and posting information on the Department of Elections website and social media pages before September 18 and periodically during the early voting period.

f. Defendants shall take reasonable steps to provide information to the public regarding the fact that, if a voter with a print disability has already received a paper absentee ballot that has not been cast, the voter may contact their general

       registrar to cancel that paper absentee ballot and request the use of the Ballot Marking Tool.

    g. Any voter who utilizes the Ballot Marking Tool shall be required to mail or physically return their absentee ballot to the appropriate general registrar using Envelope B.

14. Whereas Plaintiffs agree to withdraw with prejudice their August 10, 2020 Motion for Preliminary Injunction upon entry of this Partial Consent Judgment and Decree.

15. Whereas the Consent Parties agree that entry of this Consent Decree does not affect the viability of Plaintiffs' claims under Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 *et seq.*), § 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), or Virginia Code § 51.5-43 with respect to voting by print disabled voters in any subsequent elections after the November Election.

16. The Consent Parties further agree that neither the entry of this Consent Decree, nor anything contained herein, is or shall be deemed an admission of liability by the Commonwealth Defendants as to any of the Plaintiffs' claims made, or issues raised, in the Complaint (ECF No. 1) or otherwise waives or prejudices the Defendants' ability, which is hereby reserved, to deny, dispute, or challenge any of the issues, claims or allegations made therein (including, without limitation, any claims for damages, fees (including attorneys' fees), expenses, costs, and/or any other relief sought).

17. Whereas the Consent Parties will attempt in good faith to reach a final agreement resolving Plaintiffs' remaining claims and issues of damages, fees, including attorneys' fees, expenses, and costs, that may have accrued or may accrue, and Plaintiffs reserve the right to seek an award of damages, fees, and costs if resolution is not achieved.

18. Whereas the Court finds that it has subject matter jurisdiction over the Consent Parties and that the Partial Consent Judgment and Decree is fair, adequate, and reasonable, and not illegal, a product of collusion, or against the public interest because such agreement preserves the constitutional right to vote of Plaintiffs and other Virginia voters while promoting public health during a pandemic and does so without harming the integrity of Virginia's elections. The agreement also gives appropriate weight to Defendants' expertise and public interest responsibility in the area of election administration.

19. Whereas Plaintiffs made a sufficiently strong showing on the merits of the claim, as shown in their complaint and motion for preliminary injunction, to further support the fairness, adequacy, and reasonableness of this Partial Consent Judgment and Decree.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED FOR THE REASONS STATED ABOVE IN PARAGRAPHS 1-18**

1. That for the November 3, 2020 Election:

    a. Not later than September 18, 2020, Defendants will make available to all localities a tool that will allow print disabled voters to electronically and accessibly receive and mark absentee ballots using screen reader assistive technology (the Ballot Marking Tool). If, despite their best efforts, Defendants are unable to implement the Ballot Marking Tool described herein by September 18, 2020, Defendants shall implement it as soon thereafter as practicable but in no event later than September 30, 2020.

    b. Defendants shall issue updated guidance to inform general registrars that if a voter in applying for an absentee ballot, on or after the date of the entry of this consent decree, marks that the voter will require assistance in completing their absentee

ballot, the general registrar shall contact the voter via mail, phone, or email to inquire as to whether the voter has a print disability. If the voter affirms that they have a print disability, the general registrar shall make available the Ballot Marking Tool and instructions to the voter if the voter so elects. The registrar shall also send the voter a ballot return envelope (Envelope B), enclosed in a larger envelope (Envelope A). Defendants shall provide instructions to all localities that the localities must make the Ballot Marking Tool available to all print disabled voters and must not reject ballots from voters with print disabilities based on the position of the voter's signature or address on the ballot return envelope or based on the fact that the ballot is printed on regular paper. The registrar shall place a tactile marking on Envelope A (e.g., hole punch, a corner cut, or a tactile sticker) in order to identify the envelope as Envelope A to the voter.

c. Defendants shall provide instructions with each paper absentee ballot sent to voters that, if the voter is print disabled, the voter may contact the general registrar to void that paper absentee ballot and vote instead using the Ballot Marking Tool.

d. Defendants shall take reasonable steps to provide information to the public regarding the Ballot Marking Tool, including issuing a press release and posting information on the Department of Elections website and social media pages before September 18 and periodically during the early voting period.

e. Defendants shall take reasonable steps to provide information to the public regarding the fact that, if a voter has a print disability and has already received a

paper absentee ballot that has not been cast, the voter may contact their general registrar to cancel that paper absentee ballot and request the use of the Ballot Marking Tool.

f. Any voter who utilizes the Ballot Marking Tool shall still be required to mail or physically return their absentee ballot to the relevant general registrar.

g. Within 30 days after November 3, 2020, Defendants will inform Plaintiffs of the number of individuals who elected to vote with assistance and summaries of any complaints or feedback received by Defendants about the Ballot Marking Tool.

2. Plaintiffs shall withdraw their motion for a preliminary injunction and this matter shall be stayed, including, without limitation, all filing deadlines herein, until December 3, 2020, unless disputes as to compliance regarding the Consent Decree arise, or until the parties inform the Court that the litigation has been resolved, whichever occurs first. If this matter is not resolved by December 3, 2020, then the parties agree to schedule, at a mutually-agreeable time after that date, a status conference with the Court to reset the filing deadlines and to discuss any other applicable dates or other matters necessary for the resumption of the instant litigation."

3. The Consent Parties shall attempt in good faith to reach a final agreement resolving Plaintiffs' remaining claims and issues of damages, fees, including attorneys' fees, expenses, and costs, that may have accrued or may accrue, and Plaintiffs reserve the right to seek an award of damages, fees, and costs if resolution is not achieved.

SO ORDERED this ___ day of August, 2020.

                                                                              _____
                                                                              Hon. Claude M. Hilton
                                                                              United States District Judge

Dated: August 27, 2020

**AGREED AND CONSENTED TO:**

| | |
|---|---|
| BY: /s/ Steven M. Traubert<br>Steven M. Traubert, VSB#41128<br>Zachary S. Devore, VSB#65401<br>disAbility Law Center of Virginia<br>1512 Willow Lawn Drive, Suite 100<br>Richmond, VA 23230<br>Phone: (804) 225-2042<br>Fax: (804) 662-7431<br>Steven.Traubert@dlcv.org<br>Zachary.devore@dlcv.org<br><br>Eve L. Hill (*pro hac vice*)<br>Abigail Graber (*pro hac vice*)<br>Brown Goldstein & Levy<br>120 E. Baltimore St., Ste. 1700<br>Baltimore, MD 21202<br>(410) 962-1030 (phone)<br>(410) 385-0869 (fax)<br>ehill@browngold.com<br>agraber@browngold.com<br><br>Steven P. Hollman (*pro hac vice*)<br>Jonathan Wang (*pro hac vice*)<br>SHEPPARD MULLIN RICHTER<br>    & HAMPTON, LLP<br>2099 Pennsylvania Avenue, NW Washington, DC 20006-6801<br>Phone: (202) 747-1941<br>Fax: (202) 747-3912<br>shollman@sheppardmullin.com<br><br>Kaitlin Banner (*pro hac vice*)<br>Margaret Hart (*pro hac vice*)<br>WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS<br>700 14th Street, NW, Suite 400<br>Washington, DC 20005<br>Phone: (202) 319-1000<br>Fax: (202) 319-1010<br>kaitlin_banner@washlaw.org<br>margaret_hart@washlaw.org | MARK R. HERRING<br>Attorney General of Virginia<br>By: */s/ Carol L. Lewis*<br>CAROL L. LEWIS (VSB #92362)<br>BLAIRE HAWKINS O'BRIEN (VSB #83961)<br>HEATHER HAYS LOCKERMAN (VSB #65535)<br>RONALD N. REGNERY (VSB #37453)<br>Office of the Attorney General<br>202 North Ninth Street<br>Richmond, Virginia 23219<br>804-692-0558 (telephone)<br>804-692-1647 (facsimile)<br>clewis@oag.state.va.us<br><br>*Attorneys for Virginia Department Of Elections, Christopher Piper, the Virginia Board Of Elections, Robert H. Brink, John O' Bannon, and Jamilah D. Lecruise* |